UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL ANTHONY MAXIE,          )
                                )
          Plaintiff,            )
                                )          CAUSE NO. 3:13-CV-1278 RM
     v.                         )
                                )
JOHN DOE, and MARK E. LEVENHAGEN,  )
                                )
          Defendants.           )

OPINION AND ORDER

Michael Anthony Maxie, a *pro se* prisoner, filed a complaint pursuant to 28 U.S.C. § 1983. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, under 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic v. Twombly, 550 U.S. at 556). "Factual allegations must

be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic v. Twombly, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" Ashcroft v. Iqbal, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." Swanson v. Citibank, *N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Mr. Maxie alleges that on January 15, 2013, an unknown correctional officer put shackles on his ankles that were too small. He alleges that when he told the officer that they were too small, the guard said that he didn't have a larger pair. Mr. Maxie doesn't allege that he said anything else to that guard about the shackles, but says the shackles caused him pain when he walked. Mr. Maxie also alleges that he now has dark rings around his ankles and ongoing pain, especially at night when he is laying down.

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the

deprivation. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994). Mr. Maxie's allegations statisfy the first prong of that test, but not the second one.

Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." <u>Duane v. Lane</u>, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." <u>McGill v. Duckworth</u>, 944 F.2d 344, 347 (7th Cir. 1991).

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

<u>Board v. Farnham</u>, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

<u>Pierson v. Hartley</u>, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It isn't enough to show that a defendant merely failed to act reasonably. <u>Gibbs v. Franklin</u>, 49 F.3d 1206, 1208 (7th Cir. 1995). Even incompetence doesn't state a claim of deliberate indifference. <u>Walker v. Peters</u>, 233 F.3d 494 (7th Cir. 2000).

The only allegation about what the guard knew about the shackles was that Mr. Maxie told him once that they were too small. Based on this lone allegation, it isn't

reasonable to infer that the guard had actual knowledge that Mr. Maxie was in substantial risk of serious harm. Mr. Maxie hasn't stated a claim based upon the shackles.

Mr. Maxie alleges that the guard placed him in the back of a security van without seatbelts. He alleges that this was unsafe. However, "not every deviation from ideally safe conditions constitutes a violation of the constitution. The eighth amendment does not constitutionalize the Indiana Fire Code. Nor does it require complete compliance with the numerous OSHA regulations." French v. Owens, 777 F.2d 1250, 1257 (7th Cir. 1985) (quotation marks and citations omitted.) The Eighth Amendment requires that prison officials ensure that inmates receive adequate food, clothing, and shelter, Farmer v. Brennan, 511 U.S. 825, 832 (1994), but conditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of Constitutional violations. Adams v. Pate, 445 F.2d 105, 108-109 (7th Cir. 1971).

> Conditions of confinement must be severe to support an Eighth Amendment claim; "the prison officials' act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" Farmer [v. Brennan, 511 U.S. 825, 834 (1994)] (*quoting* Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). *See also,* Lunsford v. Bennett, 17 F.3d 1574, 1579 (7th Cir. 1994) (the Eighth Amendment only protects prisoners from conditions that "exceed contemporary bounds of decency of a mature, civilized society."); Jackson [v. Duckworth,] 955 F.2d [21,] 22 [(7th Cir. 1992)].

Morissette v. Peters, 45 F.3d 1119, 1123 (7th Cir. 1995) (parallel citations omitted). "An objectively sufficiently serious risk, is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency." Christopher v. Buss, 384 F.3d 879, 882 (7th Cir. 2004) (quotation marks and citations omitted). Riding

in a van without seatbelts isn't such a risk. Moreover, Mr. Maxie doesn't allege that he suffered any injury as a result of the van ride, and fear of potential harm that doesn't happen isn't actionable under § 1983. Doe v. Welborn, 110 F.3d 520, 523-24 (7th Cir. 1997). *See also* Walker v. Peters, 233 F.3d 494, 502 (7th Cir. 2000) (Actual injury caused by the defendant is required to establish liability). Mr. Maxie hasn't stated a claim based on the van ride.

Mr. Maxie seeks injunctive relief compelling that he be taken to a medical expert to examine the dark rings on his ankles. He says he has seen a nurse and that he has received medication for his ankle pain. Prisoners are "not entitled to demand specific care [nor] entitled to the best care possible." Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir.1997). Though his desire to see an expert is understandable, his request is meritless as a matter of federal constitutional law.

Finally, Mr. Maxie alleges that the Superintendent Mark Levenhagen is responsible because he is in charge of the prison. First, Mr. Maxie hasn't stated a claim, so even if Superintendent Levenhagen could be held liable for the actions of others in this case, there would be no basis for doing so based on the facts alleged here. Even if Mr. Maxie had stated a claim against someone else, he couldn't sue Superintendent Levenhagen because there is no general *respondeat superior* liability under 42 U.S.C. § 1983. "Only persons who cause or participate in the violations are responsible." George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007). Mr. Maxie hasn't stated a claim against Superintendent Levenhagen.

As explained, this complaint doesn't state a claim. Though it doesn't appear that Maxie could state a claim even if he filed an amended complaint, the court will give him a chance to do so. *See* Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013).

For the forgoing reasons, the court:

(1) **DIRECTS** the clerk to place this cause number on a blank Prisoner Complaint 42 U.S.C. § 1983 form and send it to Michael Anthony Maxie; and

(2) **GRANTS** Michael Anthony Maxie until February 20, 2014, to submit an amended complaint.

If Mr. Maxie doesn't respond by that deadline, this case will be dismissed without further notice because the complaint doesn't state a claim upon which relief can be granted.

SO ORDERED.

ENTERED: January  30 , 2014

___/s/ Robert L. Miller, Jr._____
Judge,
United States District Court

6