UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL ANTHONY MAXIE, | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO. 3:13-CV-1278 RM |
| JOHN DOE, and MARK E. LEVENHAGEN, | ) |
| Defendants. | ) |

OPINION AND ORDER

Michael Anthony Maxie, a *pro se* prisoner, filed a complaint alleging that on January 15, 2013, an unknown correctional officer put shackles on his ankles that were too small. He sued that guard and Superintendent Mark Levenhagen. He sought compensatory and punitive damages as well as injunctive relief compelling that he be taken to a medical expert to examine his ankles. In a prior order, the court screened the complaint pursuant to 28 U.S.C. § 1983 and found that it did not state a claim. Though it didn't appear that could state a claim even if he filed an amended complaint, the court gave him a chance to try.

Mr. Maxie has filed an amended complaint adding Indiana Department of Correction Commissioner Bruce Lemmon. He alleges that the Commissioner is liable because he is in charge of the Department. Mr. Maxie asks to be released from prison. There is no general *respondeat superior* liability under 42 U.S.C. § 1983. "Only persons who cause or participate in the violations are responsible." George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007). Mr. Maxie hasn't alleged that Commissioner Lemmon was personally

involved in any way. Moreover, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release . . . ." Heck v. Humphrey, 512 U.S. 477, 481 (1994). Therefore, the amended complaint doesn't state a claim.

For the forgoing reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: February  26 , 2014

/s/ Robert L. Miller, Jr.
Judge,
United States District Court